# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, et al.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>-v-<br><br>ETHYPHARM,<br><br>Defendant. | Adv. Pro. No. 25-50249 (KBO)<br><br>**Re: D.I. 6** |

### ETHYPHARM S.A.S.'S MOTION TO FILE UNDER SEAL PORTIONS OF THE OPENING BRIEF IN SUPPORT OF ETHYPHARM S.A.S.'S MOTION TO DISMISS ADVERSARY COMPLAINT

Ethypharm S.A.S. ("**Ethypharm**"), by and through its undersigned counsel, respectfully moves (this "**Motion**") as follows:

### RELIEF REQUESTED

1. Ethypharm seeks entry of an order, substantially in the form attached as **Exhibit A**, authorizing the filing under seal of portions of the *Declaration of Roseline Joannesse in Support of Ethypharm S.A.S.'s Motion to Dismiss Adversary Complaint* (the "**Declaration**"), attached as Exhibit A to the *Opening Brief in Support of Ethypharm S.A.S.'s Motion to Dismiss*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*Adversary Complaint* [Adv. D.I. 6] (the "**Opening Brief**"), and granting such other and further relief as the Court deems just and proper.[2]

## RELEVANT BACKGROUND

2. On February 23, 2023 (the "**Petition Date**"), each of the above-captioned debtors (collectively, the "**Debtors**") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

3. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the estates of each of the Debtors.

4. On February 13, 2025, the Trustee filed the adversary complaint against Ethypharm seeking to avoid and recover alleged preferential and fraudulent transfers under sections 547, 548 and 550 of the Bankruptcy Code and disallow Ethypharm's claims against the Debtors' estates under section 502(d) and (j) of the Bankruptcy Code [Adv. D.I. 1][3] (the "**Complaint**").

5. On September 22, 2025, Ethypharm filed its motion to dismiss the Complaint [Adv. D.I. 5] (the "**Motion to Dismiss**") and the Opening Brief, including the Declaration, attached thereto as Exhibit A.

6. The Declaration attaches certain agreements as exhibits (the "**Agreements**"), which contain confidential, commercially sensitive data (the "**Confidential Information**") concerning Ethypharm's business terms with its commercial distributors, namely the Debtors. The Confidential Information, including the Agreements, has already been filed under seal in the Debtors' chapter 7 cases pursuant to an order entered by the Court. (*See* D.I. 102, 117.) Ethypharm has redacted portions of the Declaration that contain or reference Confidential

---

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to such terms in the Declaration or Opening Brief, as applicable.
[3] Citations herein to "Adv. D.I." refer to the docket of the above-captioned adversary proceeding, Adv. Proc No. 25-50249. Citations to "D.I." refer to the docket of the above-captioned chapter 7 cases, Case No. 23-10253.

2

Information to avoid its public disclosure. Ethypharm seeks the entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), permitting Ethypharm to file the unredacted Declaration under seal.

## ARGUMENT

7. Section 107(b)(1) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Section 107(b) of the Bankruptcy Code does not require the entity seeking protection to demonstrate "good cause." *See Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, a court is required to protect the requesting party and has no discretion to deny the request. *Id.* at 27 (holding that, once the court determines that a party is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application").

8. Thus, under section 107(b) of the Bankruptcy Code, an interested party need only show that the information it wishes to protect is "'confidential' and 'commercial' in nature." *Id.* In granting motions to seal "commercial information," courts have defined this term as information that would, "if subject to disclosure, [] 'unfairly benefit' that entity's competitors." *In re Altegrity, Inc.*, No. 15-10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015). Courts have held that disclosure of information that provides insight into an entity's "strategic decision making" could unfairly benefit its competitors and should be sealed. *See In re Dreier LLP*, 485 B.R. 821, 823 (Bankr. S.D.N.Y. 2013) (sealing excerpt of deposition transcript of hedge fund manager wherein he described how investments were made, finding that disclosure of this

3

"strategic decision making" would provide an unfair advantage to competitors); *In re Am. Bus. Fin. Servives, Inc.*, No. 05-10203 MFW, 2008 WL 3906894, at *4 (Bankr. D. Del. Aug. 20, 2008) (sealing credit committee's analysis of credit applications because disclosure of such information could enable competitors to capitalize on the committee's knowledge and experience). The information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28.

9. The Confidential Information is both "commercial" and "confidential," thus warranting protection under section 107(b). Disclosure of the Confidential Information could reveal to Ethypharm's competitors sensitive information about Ethypharm's commercial operations in the United States and globally. Such "strategic decision making" is confidential commercial information warranting protection under section 107(b). *See In re Dreir*, 485 B.R. at 823; *In re Am. Bus. Fin. Servives, Inc.*, 2008 WL 3906894, at *4. Ethypharm has attempted to narrowly tailor the Confidential Information that it proposes maintaining under seal.

### AVERMENT REGARDING COMPLIANCE WITH LOCAL RULE 9018-1(d)

10. Consistent with Local Rule 9018-1(d)(iv)(e), to the best of the knowledge, information and belief of counsel to Ethypharm, the Declaration does not contain information subject to confidentiality rights of another holder of confidentiality rights.

*[Remainder intentionally left blank]*

## **CONCLUSION**

WHEREFORE, Ethypharm respectfully requests that this Court enter an order in substantially the form attached hereto as **Exhibit A** granting the relief requested in this Motion and granting such further relief as the Court may deem necessary or proper.

Dated: September 23, 2025
      Wilmington, Delaware

| | |
|---|---|
| BAKER BOTTS L.L.P.<br>Scott R. Bowling (*pro hac vice* admission pending)<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone:     (212) 408-2500<br>Facsimile:      (212) 259-2501<br>Email: scott.bowling@bakerbotts.com<br><br>-and-<br><br>BAKER BOTTS L.L.P.<br>Kevin Chiu (*pro hac vice* admission pending)<br>2001 Ross Avenue, Suite 900<br>Dallas, Texas 75201-2980<br>Telephone:     (214) 953-6500<br>Facsimile:      (214) 953-6503<br>Email: kevin.chiu@bakerbotts.com | */s/ Donna L. Culver*<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Donna L. Culver (No. 2983)<br>Curtis S. Miller (No. 4583)<br>Andrew R. Remming (No. 5120)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: dculver@morrisnichols.com<br>       cmiller@ morrisnichols.com<br>       aremming@ morrisnichols.com<br><br>*Attorneys for Ethypharm S.A.S.* |

5