**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, et al., | Case No. 23-10253 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| GEORGE MILLER, Chapter 7<br>Trustee of the bankruptcy estates of<br>Akorn Holding Company LLC, *et al.*, | Adv. Pro. No. 25-50249 (KBO) |
| Plaintiff, | |
| -v- | |
| ETHYPHARM, | |
| Defendant. | |

**OPENING BRIEF IN SUPPORT OF
ETHYPHARM S.A.S.'S MOTION TO DISMISS ADVERSARY COMPLAINT**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 3

    A.   Ethypharm and the Debtors' Relationship Before the Chapter 7 Cases ............................ 3

    B.   The Debtors' Chapter 7 Cases ................................................................................... 4

    C.   The Complaint and Summons .................................................................................... 5

ARGUMENTS ................................................................................................................... 5

    A.   The Trustee Has Failed to Comply With His Service of Process Obligations ................... 6

    B.   The Constructive Fraudulent Transfer Claim Should Be Dismissed on the Merits ......... 12

    C.   Count III Should Be Dismissed in Part for Failure to State a Claim ............................... 17

    D.   Count IV Should Be Dismissed as Premature for Failure to State a Claim ...................... 17

CONCLUSION ................................................................................................................. 19

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A Love of Food I LLC v. Maoz Vegetarian USA*,
No. 10-cv-2352, 2011 WL 4102084 (D. Md. Sept. 13, 2011) ................................................. 11

*Allstate Ins. Co. v. Funai Corp.*,
249 F.R.D. 157 (M.D. Pa. 2008) .......................................................................................... 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................................... 12, 13

*Ayres v. Jacobs & Crumplar, P.A.*,
99 F.3d 565 (3d Cir.1996) ..................................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................... 12, 13

*Braxton,* 817 F.2d at 241 ............................................................................................................ 11

*Campbell v. United States (In re Davis)*,
889 F.2d 658 (5th Cir. 1989) ................................................................................................ 18

*Cole v. Salt Creek*,
No. 08-cv-928, 2012 WL 5331235 (D. Utah. Oct. 29, 2012) ................................................ 11

*DHP Holdings II Corp. v. Peter Skop Indus. Inc. (In re DHP Holdings II Corp.)*,
435 B.R. 220 (Bankr. D. Del. 2010) ..................................................................................... 18

*E.I. duPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*,
197 F.R.D. 112 (D. Del. 2000), *aff'd in part and app. dism. in part*, 269 F.3d 187
(3d Cir. 2001) .......................................................................................................................... 7

*Farrace v. U.S. Dep't of Just.*,
220 F.R.D. 419 (D. Del. 2004) .............................................................................................. 10

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) .................................................................................................. 12

*Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*,
988 F.2d 476 (3d Cir. 1993) .................................................................................................... 6

*In re AgFeed USA, LLC*,
546 B.R. 318 (Bankr. D. Del. 2016) ...................................................................................... 13

*In re Akorn Holding Company LLC, et al.*,
Case No. 23- 10253 (KBO). (*See id.*) .......................................................................4

*In re All-Type Printing, Inc.*,
274 B.R. 316 (Bankr. D. Conn. 2002)), *aff'd*, Case No. 15-1118, 2016 WL 299007
(C.D. Ill. Jan. 25, 2016) ...............................................................................................16

*In re Amcad Holdings, LLC*,
579 B.R. 33 (Bankr. D. Del. 2017) ..............................................................................16

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir.1997) ..........................................................................................4

*In re Central. Ill. Energy Coop.*,
526 B.R. 786 (Bankr. C.D. Ill. 2015) ..........................................................................15

*In re DBSI, Inc.*,
476 B.R. 413 (Bankr. D. Del. 2012) .......................................................................17, 18

*In re Elrod Holdings Corp.*,
421 B.R. 700 (Bankr. D. Del. 2010) ............................................................................17

*In re EP Liquidation, LLC*,
583 B.R. 304, 319 (Bankr. D. Del. 2018) ....................................................................12

*In re FBI Wind Down, Inc.*,
614 B.R. 460 (Bankr. D. Del. 2020) ............................................................................17

*In re Fitzpatrick Container Company*,
670 B.R. 425 (Bankr. E.D. Pa. 2025) ..........................................................................16

*In re Harnischfeger Indus., Inc.*,
288 B.R. 79 (Bankr. D. Del. 2003) ..............................................................................10

*In re Incentium, LLC*,
473 B.R. 264 (Bankr. E.D. Tenn. 2012) ......................................................................16

*In re Lenox Healthcare, Inc.*,
319 B.R. 819 (Bankr. D. Del. 2005) .........................................................................9, 10

*In re Lids Corp.*,
260 B.R. 680 (Bankr. D. Del. 2001) ............................................................................18

*In re Mountaineer Coal Co., Inc.*,
247 B.R. 633 (Bankr. W.D. Va. 2000) .........................................................................18

*In re PennySaver USA Publ'g, LLC*,
587 B.R. 445 (Bankr. D. Del. 2018) ............................................................................18

*In re Tanglewood Farms, Inc. of Elizabeth City*,
  487 B.R. 705 (Bankr. E.D.N.C. 2013) ...................................................................16

*In re TSIC, Inc.*,
  428 B.R. 103 (Bankr. D. Del. 2010) ......................................................................16

*In re Worldwide Direct, Inc.*,
  Case Nos. 99-108 (MFW), 99-27 (MFW), 2000 WL 33712474
  (Bankr. D. Del. Nov. 22, 2000)..............................................................................18

*MCI Telecomm. Corp. v. Teleconcepts, Inc.*,
  71 F.3d 1086 (3d Cir. 1995).................................................................................10

*Murray v. Mason*,
  244 A.3d 187 (Del. Super. Ct. 2020) ......................................................................4

*Official Committee of Unsecured Creditors v. Pacific Bell Tel. Co., (In re Teleglobe
  Communications Corp.)*,
  Ch. 11 Case No. 02-11518 (MFW),  Adv. Proc. No. 04-55062 (PBL),
  slip op. at 8 (Bankr. D. Del. Nov. 18, 2004) ........................................................13

*OHC Liquidation Trust v. Jensen Homes (In re Oakwood Homes Corp.)*,
  Ch. 11 Case No. 02-13396 (PJW), Adv. Proc. No. 04-56174 (PBL), slip op. at 5.................13

*Omega Pats., LLC v. Geotab USA, Inc.*,
  660 F. Supp. 3d 274 (D. Del. 2023).........................................................................8

*Petrucelli v. Bohringer & Ratzinger*,
  46 F.3d 1298 (3d Cir. 1995)....................................................................................9

*Philipp Bros. v. M/V Merkur Bay*,
  110 F.R.D. 443 (D. Del. 1986) ................................................................................9

*Phillips ex rel. ONH Liquidating Tr. v. Josmic 2 LLC (In re ONH AFC CS Invs., LLC)*,
  Ch. 11 Case No. 23-10931 (CTG), Adv. Proc. No. 24-50085
  (CTG) 2025 WL 1353850, at *12 (Bankr. D. Del. May 8, 2025) ..........................13

*Schmidt v. Skolas*,
  770 F.3d 241 (3d Cir. 2014)....................................................................................4

*Sykes v. Blockbuster Video*,
  205 F. App'x 961 (3d Cir. 2006) .............................................................................9

*Tani v. FPL/Next Era Energy*,
  811 F. Supp. 2d 1004 (D. Del. 2011).......................................................................8

*USHA (India) Ltd. v. Honeywell Int'l*,
  421 F.3d 129 (2d Cir. 2005)...................................................................................11

*Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*,
    288 B.R. 189 (Bankr. D. Del. 2003) .................................................................14

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) .................................................................................7

**STATUTES**

10 *Del. C.* § 3104(d)(2)–(3) .................................................................................7

11 U.S.C. § 546(a)(1)(A) .................................................................................12

11 U.S.C. 548(a)(1) .................................................................................16

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(f) .................................................................................6, 7, 8, 9

Fed. R. Civ. P. 4(h) .................................................................................6

Fed. R. Civ. P. 4(l) .................................................................................7

Fed. R. Civ. P. 4(m) .................................................................................9

Fed. R. Civ. P. 8(a)(2) .................................................................................12

Fed. R. Civ. P. 12(b)(5) .................................................................................6, 8

Pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rules of Civil Procedure 12(b)(5) and (6), Defendant Ethypharm S.A.S. ("**Ethypharm**"), a company organized under French law and located in France, respectfully submits this opening brief in support of *Ethypharm S.A.S.'s Motion to Dismiss Adversary Complaint* (the "**Motion**") filed by Plaintiff George Miller, as Chapter 7 Trustee in the above-captioned cases (the "**Trustee**"). In support of the Motion Ethypharm submits the *Declaration of Roseline Joannesse in Support of Ethypharm S.A.S.'s Motion to Dismiss Adversary Complaint* (the "**Declaration**"), attached as **Exhibit A** hereto.

## PRELIMINARY STATEMENT

The adversary complaint [Adv. D.I. 1][2] (the "**Complaint**") should be dismissed for two independent reasons. First, the Trustee has failed without good cause to serve process on Ethypharm despite having filed the Complaint over five months ago at the end of the applicable limitations period. Second, even if the Trustee had served process on Ethypharm and done so in a timely manner, the Trustee has failed to state a claim for constructive fraudulent transfer, warranting dismissal with prejudice of Count II in its entirety and Count III to the extent dependent on Count II. Count IV should be dismissed in its entirety as premature.

The Trustee's failure to serve process arises from multiple defects. The summons [Adv. D.I. 3] (the "**Summons**") is defective on its face, as it identifies no legal entity that was purportedly served, no address where service was purportedly effectuated, and no certificate of service, service affidavit, or similar document demonstrating service of the Complaint or Summons upon Ethypharm. Moreover, Ethypharm's legal department has conducted an internal inquiry seeking evidence that the Complaint and Summons were received by any person at Ethypharm. Yet

---

[2] Citations herein to "Adv. D.I." refer to the docket of the above-captioned adversary proceeding, Adv. Proc No. 25-50249. Citations to "D.I." refer to the docket of the above-captioned chapter 7 cases, Case No. 23-10253.

Ethypharm was unable to locate the Summons or Complaint or any evidence that such documents were received.  The Trustee has missed the Court-established deadline of May 14, 2025 to effectuate service on Ethypharm.  The Trustee has also made no effort to properly identify Ethypharm in the Summons or to effectuate service as required by the Federal Rules of Civil Procedure and the Hague Convention.  Yet the Trustee has filed a defective Summons on the Court's docket and forced Ethypharm to incur the costs of responding.  The Court should not allow the Trustee to maintain this proceeding any further—the Complaint should be dismissed.

Even if the Court were to look past the Trustee's noncompliance with his service obligations, the Trustee has failed to state a claim for fraudulent transfer or any claim under sections 550 or 502(d) of the Bankruptcy Code premised on a fraudulent transfer.  Such claims should be dismissed.  The Complaint sets forth only a formulaic recitation of the elements of a constructive fraudulent transfer claim under section 548 of the Bankruptcy Code, which, as a matter of law (including well-established authority in this Circuit), are insufficient to state a claim. (*See* Compl. ¶ 37.)  Moreover, the Trustee admits—correctly—that the Alleged Transfers were made on account of antecedent debts.  (*See* Compl. ¶ 30.)  Specifically, they were payments of contractual obligations to Ethypharm under contracts and pricing terms that existed for years before the two-year lookback period for a constructive fraudulent transfer claim.  The Trustee has had those contracts in his possession since at least April 2023.  The Trustee further fails to allege any facts *at all* that would permit the Court to infer a lack of reasonably equivalent value.  As a matter of law, there is no circumstance in which the Trustee can maintain a constructive fraudulent transfer claim against Ethypharm, and such claim (and the Complaint's related claims) should be dismissed with prejudice.

Count III, which seeks to impose liability on Ethypharm under section 550 of the Bankruptcy Code for an avoided transfer, should be dismissed to the extent it depends on the Trustee's constructive fraudulent transfer claim.  Finally, Count IV, which seeks temporary disallowance of Ethypharm's claims under section 502(d) of the Bankruptcy Code for failure to repay an avoided transfer, should also be dismissed as premature.

## FACTUAL BACKGROUND[3]

### A.  Ethypharm and the Debtors' Relationship Before the Chapter 7 Cases

Prior to the Petition Date (defined below), Ethypharm and the Debtors were parties to three agreements whereby the Debtors agreed to serve as distributor for Ethypharm's opioid dependency treatment products in the United States:

- Amended and Restated Supply and Distribution Agreement, dated March 4, 2019 (the "**2019 Agreement**");[4]

- License, Distribution and Supply Agreement, dated December 12, 2012 (the "**2012 Agreement**"); and

- License and Distribution Agreement, dated August 1, 2015 (the "**2015 Agreement**," and together with the 2019 Agreement and 2012 Agreement, the "**Agreements**").

(*See* Decl. ¶ 6.)

Under these Agreements, the Debtors were obligated to pay for any product supplied and invoiced by Ethypharm as well as provide Ethypharm with an estimate of royalties owed to Ethypharm, which were then paid by the Debtors to Ethypharm.  (*See* Decl., Exs. A, B and C.) True and correct copies of these Agreements are in possession by the Trustee, either by administration of the Debtors' estates or as provided by Ethypharm by electronic mail service to counsel for the Trustee on April 20, 2023 as unredacted exhibits to Ethypharm's Extension

---

[3]As is required on a motion to dismiss pursuant to FRCP 12(b)(6) and solely for purposes of this Motion, Ethypharm accepts as true the well-pleaded allegations of the Complaint.
[4] The 2019 Agreement restates the Supply and Distribution Agreement, dated as of December 4, 2008, between Hi-Tech Pharmacal Co., Inc. (a predecessor of the Debtors) and Ethypharm.

Objection (as defined below), which was filed under seal in these chapter 7 cases.  A copy of such email correspondence is attached as **Exhibit B** hereto.[5]

### B.  The Debtors' Chapter 7 Cases

On February 23, 2023 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 7 of the Bankruptcy Code.  (*See* Compl. ¶ 12.)  The Debtors' chapter 7 cases are being jointly administered for procedural purposes under the caption *In re Akorn Holding Company LLC, et al.*, Case No. 23- 10253 (KBO).  (*See id.*)  On or about the Petition Date, the Trustee was appointed as the chapter 7 trustee in these chapter 7 cases.  (*See id*. ¶ 9)

On April 7, 2023, the Trustee filed a motion for an order extending the deadline to assume or reject executory contracts and unexpired leases of personal property pursuant to section 365(d)(1) of the Bankruptcy Code [D.I. 77] (the "**Extension Motion**").  On April 20, 2023, Ethypharm filed an objection to the Extension Motion [D.I. 102] (the "**Extension Objection**").  Ethypharm and the Debtors consensually resolved the Extension Objection on the terms set forth in a revised proposed order.  On April 24, 2023, the Court entered the revised order (the "**Rejection Order**"), which carved out the Agreements from the requested extension and deemed the Agreements rejected as of April 24, 2023.  (*See* D.I. 119.)

The deadline to file proofs of claim against the Debtors' estates occurred on June 26, 2023.  (*See* D.I. 52.)  On June 23, 2023, Ethypharm filed three proofs of claim against the Debtors, asserting a general unsecured claim "of at least $603,077.70" and an unliquidated, general

---

[5] "[A]n exception to the general rule [on a motion to dismiss] is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation omitted).  "Generally, a document is integral to the claim and incorporated into the complaint if it is the source for the facts as pleaded in the complaint."  *Murray v. Mason*, 244 A.3d 187, 192–93 (Del. Super. Ct. 2020), *modified* Jan. 5, 2021.  "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint."  *Buchanan v. Abramoff (In re Burlington Coat Factory Sec. Litig.),* 114 F.3d 1410, 1426 (3d Cir.1997) (citations omitted).

unsecured claim for damages arising from the deemed rejection of the Agreements under the Rejection Order. (*See* D.I. 119.) Ethypharm's claims remain asserted and have not been objected to by any party, including the Trustee.

### C. The Complaint and Summons

On February 13, 2025, the Trustee filed the Complaint against Ethypharm seeking to avoid and recover alleged preferential and fraudulent transfers under sections 547, 548 and 550 of the Bankruptcy Code and disallow Ethypharm's claims against the Debtors' estates under section 502(d) and (j) of the Bankruptcy Code. The Complaint is one of several hundred filed by the Trustee. These hundreds of complaints are rote, nearly identical in every respect other than the names of the parties in the caption and the exhibits identifying the dates and amounts of allegedly avoidable payments, including, here, the alleged transfers listed on Exhibit A of the Complaint (the "**Alleged Transfers**"). The docket of this Adversary Proceeding sets forth a deadline of May 14, 2025 for the Trustee to effectuate service. (*See* Adv. D.I. 1.)

On August 22, 2025—nearly six months after the Complaint was filed and over three months past the Court-established deadline for issuing a summons—the Trustee filed the Summons on the docket. Yet the Summons contains neither a copy of the Complaint purportedly served to Ethypharm nor a certificate of service (or any documentation) indicating the service address or evincing proof of service to Ethypharm, and after conducting reasonable diligence, Ethypharm has found no record of service. (*See* Decl. ¶¶ 8–9.)

### ARGUMENTS

The Trustee has failed to effectuate service of process on Ethypharm in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "**Hague Convention**") and FRCP 4. The Trustee has also failed to state a claim upon which relief may be granted under sections 548, 550, and 502(d) of the Bankruptcy Code. For the reasons

stated below, the Court should (i) dismiss the Complaint under FRCP 12(b)(5) for failure to serve

process; (ii) dismiss Count II of the Complaint and the related portion of Count III of the Complaint

under FRCP 12(b)(6) with prejudice for failure to state a claim; and (iii) dismiss Count IV of the

Complaint under FRCP 12(b)(6) as premature.[6]

### A. The Trustee Has Failed to Comply With His Service of Process Obligations

1. <u>Legal Standard for Failure to Serve Process</u>

Under FRCP 12(b)(5), a defendant may move to dismiss for insufficiency of service of

process. Fed. R. Civ. P. 12(b)(5). "[T]he party asserting the validity of service bears the burden

of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d

Cir. 1993). FRCP 4(h), by reference to FRCP 4(f), requires that service upon a foreign corporation

be effectuated by "internationally agreed means of service that is reasonably calculated to give

notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and

Extrajudicial Documents." Fed. R. Civ. P. 4(f), (h).

FRCP 4(h) governs service of process upon "a domestic or foreign corporation, or a

partnership or other unincorporated association that is subject to suit under a common name." Fed.

R. Civ. P. 4(h). Under FRCP 4(h), a foreign such entity "must be served" either:

> (1) in a judicial district of the United States: . . . (B) by delivering a copy of the
> summons and of the complaint to . . . any other agent authorized by
> appointment or by law to receive service of process and—if the agent is one
> authorized by statute and the statute so requires—by also mailing a copy of
> each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner
> prescribed by Rule 4(f) for serving an individual, except personal delivery
> under (f)(2)(C)(i).

*Id.*

---

[6] Federal Rules of Civil Procedure ("**FRCP**") Rules 4, 8, and 12 are made applicable to this proceeding via the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") Rules 7004, 7008 and 7012, respectively.

Under FRCP 4(f), a foreign defendant may be served at a place not within any judicial district of the United States as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention];
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)

Pursuant to FRCP 4(l), "[u]nless service is waived, proof of service," including service outside of the United States, "must be made to the court." Fed. R. Civ. P. 4(l).

The Hague Convention applies where civil litigants have cause to transmit judicial or extrajudicial documents internationally. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Where a state's long-arm statute allows service by means other than delivery of paper abroad, service must be effectuated by the law of the forum state. *See id*. Here, section 3104(d) of the Delaware long-arm statute permits service upon a nonresident by mail, but also "in the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction." 10 *Del. C.* § 3104(d)(2)-(3). As service upon foreign nonresident defendants necessarily requires the delivery of judicial papers internationally, "service of process to a foreign corporation ought to comply with the Hague Convention." *E.I. duPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*, 197

F.R.D. 112, 123 (D. Del. 2000), *aff'd in part and appeal dismissed in part*, 269 F.3d 187 (3d Cir. 2001).

     2.  <u>The Trustee Has Failed to Serve Process on Ethypharm</u>

     Here, the Trustee has failed to serve the Complaint and Summons in compliance with FRCP 4(f) by not serving Ethypharm, a French company, in compliance with the Hague Convention.[7]  Fed. R. Civ. P. 4(f).  Ethypharm is a *société par actions simplifiée* business entity organized under French law.  (*See* Decl. ¶ 4.)  Ethypharm's headquarters is located in Saint-Cloud, France.  (*See* Decl. ¶ 3.)  As France is a contracting party and signatory to the Hague Convention, the Trustee was obligated to effectuate service of process in accordance with the requirements under the Hague Convention.  *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (entered into force for France Feb. 10, 1972) [hereinafter Hague Convention].  Yet Ethypharm, to date, has not been served with any copy of the Complaint or Summons.  (*See* Decl. ¶ 9.)  Setting aside the clear and specific requirements under the Hague Convention and France's Declaration to the Hague Convention, which include, among other things, a requirement to translate all documents served from English to French, the Trustee has not even effectuated any sort of service in which Ethypharm would have received the Complaint or Summons.  (*See* Notification by Fr. Concerning Art. 5(3) of Hague Convention, HAGUE CONF. ON PRIV. INT'L L. [HCCH], https://www.hcch.net/en/states/authorities/details3/?aid=256 (last visited Sept. 18, 2025)).

---

[7] For dismissal under FRCP 12(b)(5), the Court is not limited to the face of the Complaint and has broad discretion to consider evidence beyond the Complaint, including affidavits, documents, and other materials submitted by the parties.  Fed. R. Civ. P. 12(b)(5).  *See, e.g., Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004 (D. Del. 2011) (to evaluate a 12(b)(5) motion to dismiss, the court reviewed the plaintiff's evidence of service, including postal receipts, to determine whether service was effectuated); *Omega Pats., LLC v. Geotab USA, Inc.*, 660 F. Supp. 3d 274 (D. Del. 2023) (for FRCP 12(b)(5) dismissal, the court examined compliance with international service requirements under FRCP 4(f) and Ontario law).

In addition, the Trustee filed the Summons more than three months past the Court's original 90-day deadline of May 14, 2025. (*See* Adv. D.I. 1, 3). To date, the Trustee, however, has yet to file a certificate of service within 7 days after service of the Summons, Complaint and notice of dispute resolution alternatives as required under Local Rule 7004-1. As of today, *nearly seven months* have passed since the Trustee's limitations period expired and Ethypharm still has not received a copy of the Complaint or Summons, much less in a manner that complies with the Hague Convention. Dismissal is warranted.

### 3. Dismissal Under FRCP 12(b)(5) Is Appropriate

Although FRCP 4(m) provides that its 90-day time limit for service does not apply to service in a foreign country under FRCP 4(f), that does not mean there is no time limit for such service. Fed. R. Civ. P. 4(f), (m). Rather, dismissal is appropriate when a party lacks good cause for its failure to timely serve. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (holding that where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service"); *Sykes v. Blockbuster Video*, 205 F. App'x 961, 964 (3d Cir. 2006) (affirming District Court's order dismissing action where plaintiff lacked good cause for failure to serve summons and complaint); *Philipp Bros. v. M/V Merkur Bay*, 110 F.R.D. 443, 446 (D. Del. 1986) (granting motion to dismiss where plaintiff failed to show good cause for failure to serve process on defendant).

Courts analyze good cause "under an excusable neglect standard, which requires good faith by the plaintiff and a reasonable excuse for the insufficient service of process." *Golden v. The Guardian (In re Lenox Healthcare, Inc.)*, 319 B.R. 819, 822 (Bankr. D. Del. 2005). Failure of service due to "inadvertence of counsel," "half-hearted efforts by counsel" or "reliance upon a third party" is not excusable. *Petrucelli,* 46 F.3d at 1307 (quoting *Lovelace v. Acme Markets, Inc.*,

820 F.2d 81, 83 (3d Cir.), *cert. denied.*).  In addition, a plaintiff's "disregard for . . . the 'technical niceties' of service of process" will not suffice for good cause.  *See Beloit Liquidating Tr. v. Beloit Walmsley Ltd. (In re Harnischfeger Indus., Inc.)*, 288 B.R. 79, 86–87 (Bankr. D. Del. 2003) (citing *Ayres v. Jacobs & Crumplar, P.A.,* 99 F.3d 565, 568 (3d Cir. 1996)).  Courts generally consider three factors in determining whether good cause exists: (1) whether the plaintiff made a reasonable attempt to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether plaintiff moved for an extension of time for effecting service.  *Farrace v. U.S. Dep't of Just.*, 220 F.R.D. 419, 420–21 (D. Del. 2004) (citation omitted).  When evaluating good cause, courts primarily focus on the plaintiff's reasons for not complying with the time limits of FRCP 4.  *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995).

Here, good cause is notably absent—the Trustee has neither provided any explanation for not serving Ethypharm under the Hague Convention requirements nor made any remedial efforts to effectuate service by some alternative means.  *See Lenox,* 319 B.R. at 823 (court finding that no good cause where the trustee "cannot be said to have made a good faith effort to properly serve" and "provided no excuse, reasonable or otherwise, for failure to comply with" federal rules).  Moreover, good cause cannot be found for the Trustee's inexcusable failure to serve via alternative means, particularly where prior bankruptcy notices have been successfully received.  *See Harnischfeger,* 288 B.R. at 87 (court finding no good cause for plaintiff's failure of service where plaintiff neglected to attempt service at addresses provided by the defendant in filed proofs of claim in the bankruptcy and further finding that the plaintiff is not excused from "keep[ing] tabs on all of the different service of process and claims activities" despite having over 600 adversary proceedings).  While Ethypharm has received other notices in the Debtors' chapter 7 cases, it has failed to receive copies of the Complaint or Summons, even at the address provided in its proofs

of claim filed in the Debtors' chapter 7 cases.  (*See* Decl. ¶¶ 7–9.)  Even if the Trustee hopes to argue that good cause exists due to the additional procedural hurdles under the Hague Convention that come with Ethypharm being a foreign defendant, the Trustee's lack of effort here vitiates any such excuse.  *See, e.g., Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 161-62 (M.D. Pa. 2008) (noting that "[a]lthough the Third Circuit has yet to squarely address the issue, several courts have determined that the exemption from the 120–day time limit for service in a foreign country does not apply if a plaintiff makes no effort to serve the foreign defendant abroad")[8]; *USHA (India) Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005) (citation omitted) (dismissing action for foreign defendant where plaintiffs did not attempt to serve the defendant in the foreign country and holding that "[a]lthough Rule 4(m) creates an exception for 'service in a foreign country pursuant to subdivision (f),' which sets forth procedures for such service . . . this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country"); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. AW-10-2352, 2011 WL 4102084, at *4, *7 (D. Md. Sept. 13, 2011) (holding plaintiff's failure to even "attempt to effectuate service abroad" was "unreasonable"); *Cole v. Salt Creek*, No. 2:08-cv-928, 2012 WL 5331235, at *1 (D. Utah Oct. 29, 2012) ("Plaintiffs are required to demonstrate that they at least made efforts to serve the foreign defendants to avoid the 120–day limit.").  The Third Circuit Court of Appeals has expressly cautioned practitioners that "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." *Braxton v. U.S.,* 817 F.2d 238, 241 (3d Cir. 1987) (citation omitted).

Here, the Trustee's facially defective Summons, lack of compliance with the Hague Convention, and failure to file any evidence of service of process—notwithstanding the expiration

---

[8] For cases decided under the pre-2015 Amendment to the FRCP, Rule 4(m) allowed 120 days for service.

of the statute of limitations approximately seven months ago, *see* 11 U.S.C. § 546(a)(1)(A)—demonstrate that the Trustee lacks good cause for failure to serve process on Ethypharm. Accordingly, the Trustee's failure to serve process on Ethypharm warrants dismissal of the Complaint.

## B. The Constructive Fraudulent Transfer Claim Should Be Dismissed on the Merits

### 1. Legal Standard for Failure to State a Claim

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Stanziale ex rel. EP Liquidation, LLC v. Richards, Layton & Finder, P.A. (In re EP Liquidation, LLC)*, 583 B.R. 304, 319 (Bankr. D. Del. 2018) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Under this standard, a motion to dismiss should be granted where the plaintiff fails to allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Fowler v. UPMC Shadyside,* 578 F.3d 203, 210–11 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint must be dismissed. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Further, while allegations are accepted as true at the pleading stage, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678); *see Twombly*, 550 U.S. at 555.

2.  Insufficiency of Factual Allegations

Count II should be dismissed with prejudice both because the Trustee has merely recited the legal elements of a constructive fraudulent transfer claim and because the Alleged Transfers were made on account of contractual obligations that the Trustee neither can nor seeks to avoid.

In Count II of the Complaint, the Trustee does nothing but recite the legal elements of a constructive fraudulent transfer claim under section 548(a)(1)(B) of the Bankruptcy Code with no supporting factual allegations, thereby failing to state a claim under FRCP 8 as interpreted in *Twombly* and *Iqbal*. *See JLL Consultants, Inc. v. Gothner (In re AgFeed USA, LLC)*, 546 B.R. 318, 336 (Bankr. D. Del. 2016) (dismissing constructive fraudulent transfer claims and noting that the "Trustee must do more than simply allege the statutory elements of a constructive fraud action"). This Court has repeatedly held that fraudulent transfer claims that merely recite the statutory language are subject to dismissal for failure to state a claim. *See, e.g.*, *Phillips ex rel. ONH Liquidating Tr. v. Josmic 2 LLC (In re ONH AFC CS Invs., LLC)*, Ch. 11 Case No. 23-10931 (CTG), Adv. Proc. No. 24-50085 (CTG) 2025 WL 1353850, at *12 (Bankr. D. Del. May 8, 2025) (holding that because complaint does not allege specific facts supporting either insolvency or unreasonably small capital, the constructive fraudulent transfer claims fail to state a claim); *OHC Liquidation Trust v. Jensen Homes (In re Oakwood Homes Corp.)*, Ch. 11 Case No. 02-13396 (PJW), Adv. Proc. No. 04-56174 (PBL), slip op. at 5 (Bankr. D. Del.) (dismissing fraudulent transfer claims for failure to allege facts other than information relating to preferential transfers listed on Exhibit A in support of the claim, and otherwise simply reciting the statutory language) (attached as **Exhibit C** hereto); *Official Committee of Unsecured Creditors v. Pacific Bell Tel. Co., (In re Teleglobe Communications Corp.)*, Ch. 11 Case No. 02-11518 (MFW),  Adv. Proc. No. 04-55062 (PBL), slip op. at 8 (Bankr. D. Del. Nov. 18, 2004) (holding that where a claim fails to

allege facts or other supporting information which would establish the fraudulent nature of the transfer and only recites the statutory elements, the claim will be dismissed for failure to state a claim upon which relief can be granted) (attached as **Exhibit D** hereto); *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr. D. Del. 2003) (noting that "other courts have held that merely quoting statutory language is insufficient to survive a Rule 12(b)(6) motion").

Here, the Trustee fails to state a claim for constructive fraudulent transfer upon which relief can be granted.  Count II of the Complaint mechanically recites the elements of a fraudulent transfer claim as set forth in section 548 of the Bankruptcy Code, but the Trustee makes no attempt to explain how the Alleged Transfers satisfy any of these elements.  The Trustee fails to allege any facts in support of a constructive fraudulent transfer claim other than the amounts and dates of the transfers themselves and the book values of the Debtors' assets and liabilities on the Petition Date. (*See* Compl. ¶¶ 16 & Ex. A.)  He similarly pleads no facts in support of the conclusory assertion that the Alleged Transfers—which were made to satisfy contractual obligations that arose well before the two-year period for avoidance under section 548 of the Bankruptcy Code—were not made in exchange for "reasonably equivalent value."  Accordingly, the Trustee cannot maintain a constructive fraudulent transfer claim as a matter of law.

3.   Inability and Failure to Seek Avoidance of Underlying Obligation

a.   *The Court May Consider the Agreements on a Motion to Dismiss*

In addition to the Complaint's factual deficiencies, Count II and related claims should be dismissed because they are payments of contractual obligations that the Trustee neither can nor seeks to avoid.  The Alleged Transfers were made to satisfy obligations that arose under the Agreements (identified *supra* at 3) between the Debtors and Ethypharm for the supply of pharmaceutical goods and payment of subsequent royalties.  And even though the Trustee fails to

mention or include the Agreements as part of the Complaint, the Court may properly consider their existence in determining to dismiss Count II and related claims.

Here, the Trustee was in possession of such Agreements, both through his administration of the Debtors' estates and by receiving copies nearly two years ago by Ethypharm in an unredacted and unsealed copy of its Extension Objection. The Trustee acknowledged the existence of the Agreements in not only consenting to but also affirmatively proposing the Rejection Order detailing the Agreements as the "Ethypharm Contracts." (*See* Rej'n. Order ¶ 4.) The Agreements are integral to the Complaint, as they are (correctly) alleged to form the basis for the Alleged Transfers. (*See id.* ¶¶ 15–16.) The Trustee explicitly relied on the existence of the Agreements in his allegations, alleging that:

> Upon information and belief, Defendant provided goods or services to one or more of the Debtors at varying times before the Petition Date. Prior to the Petition Date, Defendant and one or more of the Debtors were engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods or services provided by Defendant to one or more of the Debtors as described therein.

(*Id.* ¶ 15.) The Trustee alleges no basis for the Alleged Transfers other than the Agreements, and in fact none exists. Under these circumstances, the Trustee cannot avoid the Alleged Transfers under section 548 of the Bankruptcy Code without avoiding the obligations incurred pursuant to the Agreements—which the Trustee does not and cannot do.

b.  *The Alleged Transfers Cannot Be Avoided Under Section 548*

"It is widely recognized by courts that where a debtor makes prepetition payments on a contractual debt, in order for those payments to be avoidable as constructively fraudulent, it is necessary for the trustee to first avoid the underlying contract as a fraudulently incurred obligation." *Cox ex rel. Cent. Ill. Energy Coop. v. Nostaw, Inc. (In re Central. Ill. Energy Coop.)*,

526 B.R. 786, 791 (Bankr. C.D. Ill. 2015) (citing *Angell v. Endcom (In re Tanglewood Farms, Inc. of Elizabeth City)*, 487 B.R. 705 (Bankr. E.D.N.C. 2013); *Jahn v. Char (In re Incentium, LLC)*, 473 B.R. 264 (Bankr. E.D. Tenn. 2012); *TSIC, Inc. v. Thalheimer (In re TSIC, Inc.)*, 428 B.R. 103 (Bankr. D. Del. 2010); *Daly v. Fusco (In re All-Type Printing, Inc.)*, 274 B.R. 316 (Bankr. D. Conn. 2002)), *aff'd*, Case No. 15-1118, 2016 WL 299007 (C.D. Ill. Jan. 25, 2016) (discussing reasonably equivalent value at length and collecting cases); *see Feldman v. Lynch (In re Fitzpatrick Container Company)*, 670 B.R. 425, 448–50 (Bankr. E.D. Pa. 2025) ("[B]ecause the underlying agreement to make the monthly payments to [the defendant] was an enforceable contractual obligation, the Transfers were made for reasonably equivalent value, and therefore the Trustee is not entitled to avoid them as constructively fraudulent.").

Here, the Trustee seeks only to avoid the Alleged Transfers without seeking to avoid the Debtors' contractual obligations themselves. (*See* Compl. ¶ 37 (seeking avoidance under section 548 only of the Alleged Transfers, not obligations under the Agreements).) Moreover, as the Agreements were entered into years before the two-year lookback period under section 548 of the Bankruptcy Code, the Trustee is unable to avoid them under section 548 as a matter of law. *See* 11 U.S.C. § 548(a)(1). As stated, the Trustee alleges no facts supporting an inference that the Alleged Transfers were made outside of the Agreements (and none exists). Accordingly, because no reasonable inference can be drawn that the Alleged Transfers were made other than on account of obligations under the Agreements, which themselves are unavoidable. Under these circumstances, the Trustee should not be permitted to impose the costs and time of responding to discovery on a constructive fraudulent transfer claim to avoid the Alleged Transfers. *See Gavin Solmonese, LLC v. Shyamsundar (In re Amcad Holdings, LLC)*, 579 B.R. 33, 42 (Bankr. D. Del. 2017) (holding that "a reasonable inference [could] be drawn from the Complaint that the transfers

reduced the amount owed on pre-existing obligations" and were, accordingly, made in exchange for reasonably equivalent value); *see also Miller ex rel. Elrod Holdings Corp. v. Elway Co., LLP (In re Elrod Holdings Corp.)*, 421 B.R. 700, 714 (Bankr. D. Del. 2010) ("Reduction of a preexisting obligation is value, and the Trustee has cited no authority to demonstrate to the Court that such value is not sufficient.").

### C.  Count III Should Be Dismissed in Part for Failure to State a Claim

In Count III of the Complaint, the Trustee seeks to recover the Alleged Transfers from Ethypharm under section 550(a) of the Bankruptcy Code. (*See* Compl. ¶¶ 39–42.)  Yet the Trustee cannot obtain relief under sections 550(a) unless the underlying transfers are avoidable.  Recovery under section 550 is contingent on the successful avoidance of the transfer under section 547, 548 or applicable provisions.  *See FBI Wind Down, Inc. Liquidating Tr. v. Careers USA, Inc. (In re FBI Wind Down, Inc.)*, 614 B.R. 460, 502 (Bankr. D. Del. 2020) (denying plaintiff's motion for recovery under section 550 where preference and fraudulent transfer claims under sections 547 and 548 had "not been fully adjudicated" and thus, the "condition precedent to recovery [under section 550] has not been met").  Because the Trustee cannot state a claim under section 548 against Ethypharm for the reasons discussed above, Count III should be dismissed with prejudice to the extent it is dependent on avoidance of the Alleged Transfers as constructive fraudulent transfers.

### D.  Count IV Should Be Dismissed as Premature for Failure to State a Claim

In Count IV of the Complaint, the Trustee seeks, pursuant to section 502(d) of the Bankruptcy Code, to disallow any claims asserted by Ethypharm against the Debtors' estates until avoided transfers are repaid.  (*See* Compl. ¶¶ 43–46.)  Section 502(d) does not provide relief to a trustee before a determination has been made by the Court that property is recoverable from the claimant or that the claimant is liable on an avoidance claim.  *See Zazzali ex rel. DBSI Est. Litig.*

*Tr. v. 1031 Exchange Group LLC (In re DBSI, Inc.)*, 476 B.R. 413, 429 (Bankr. D. Del. 2012) ("This Court has previously held that a claim under [section] 502(d) is premature where the trustee does not yet have a judgment against the transferee.") (citing *DHP Holdings II Corp. v. Peter Skop Indus. Inc. (In re DHP Holdings II Corp.)*, 435 B.R. 220, 226 (Bankr. D. Del. 2010)); *Beskrone ex rel. PennySaver USA Publ'g, LLC v. OpenGate Cap. Grp. (In re PennySaver USA Publ'g, LLC)*, 587 B.R. 445, 468 (Bankr. D. Del. 2018) (dismissing trustee's claim for disallowance under section 502(d) where trustee had failed to obtain judicial determination on fraudulent transfer claims); *In re Lids Corp.*, 260 B.R. 680, 684 (Bankr. D. Del. 2001) (holding that "section 502(d) is not applicable" when the plaintiff "merely commenced an adversary proceeding"); *see also In re Worldwide Direct, Inc.*, Case Nos. 99-108 (MFW), 99-27 (MFW), 2000 WL 33712474, at *1 & n.8 (Bankr. D. Del. Nov. 22, 2000) (holding same and citing *Campbell v. United States (In re Davis)*, 889 F.2d 658, 662 (5th Cir. 1989); *Mountaineer Coal Co., Inc. v. Liberty Mut. Ins. Co. (In re Mountaineer Coal Co., Inc.)*, 247 B.R. 633, 641 (Bankr. W.D. Va. 2000).  Here, because the Trustee has not obtained a judgment avoiding any part of the Alleged Transfers, Count IV should be dismissed in its entirety as premature.

# CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice under FRCP 12(b)(5) for failure to serve process or, alternatively, (i) dismiss Count I of the Complaint without prejudice under FRCP 12(b)(5) for failure to serve process; (ii) dismiss Count II of the Complaint and the related portion of Count III of the Complaint under FRCP 12(b)(6) with prejudice for failure to state a claim and (iii) dismiss Count IV of the Complaint without prejudice as premature under FRCP 12(b)(6), and in each case grant such other and further relief as is appropriate.

Dated:  September 22, 2025
        Wilmington, Delaware

*/s/ Donna L. Culver*

BAKER BOTTS L.L.P.
Scott R. Bowling (*pro hac vice* admission pending)
30 Rockefeller Plaza
New York, New York 10112
Telephone:    (212) 408-2500
Facsimile:     (212) 259-2501
Email: scott.bowling@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
Kevin Chiu (*pro hac vice* admission pending)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:    (214) 953-6500
Facsimile:     (214) 953-6503
Email: kevin.chiu@bakerbotts.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Donna L. Culver (No. 2983)
Curtis S. Miller (No. 4583)
Andrew R. Remming (No. 5120)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dculver@morrisnichols.com
       cmiller@ morrisnichols.com
       aremming@ morrisnichols.com

*Attorneys for Ethypharm S.A.S.*