**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, et al., | Case No. 23-10253 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | Adv. Pro. No. 25-50249 (KBO) |
| Plaintiff, | |
| -v- | |
| ETHYPHARM, | |
| Defendant. | |

**DECLARATION OF ROSELINE JOANNESSE IN SUPPORT OF
ETHYPHARM S.A.S.'S TO DISMISS ADVERSARY COMPLAINT**

I, Roseline Joannesse, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am the Chief Legal, Ethics & Compliance Officer of Ethypharm S.A.S. ("**Ethypharm**")[2] and have served in this role since 2006. I am authorized to submit this Declaration on behalf of Ethypharm in support of the *Ethypharm S.A.S.'s Motion to Dismiss Adversary Complaint*.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to such terms in the Motion.

1

2.      Based on my work with Ethypharm, I am familiar with Ethypharm's business, commercial agreements, organizational structure, and procedures for receiving and routing legal correspondence and service of process. Except as otherwise noted, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, and my knowledge and expertise concerning Ethypharm's business operations worldwide. If called upon to testify, I would testify to the facts set forth, and incorporated by reference, in this Declaration. Documents attached to the Motion to Dismiss as exhibits are true and correct copies.

3.      Ethypharm's global headquarters is located at the following address:

> 194 Bureaux de la Colline
> Bâtiment D – 12ème étage
> 92213 Saint-Cloud Cedex
> France

4.      Ethypharm is a *société par actions simplifiée* ("**S.A.S.**") business entity organized under the laws of France.

5.      In my role at Ethypharm, I am a custodian of records and am familiar with Ethypharm's record-keeping practices for commercial distribution agreements, including the Agreements (as defined below), and related documents. These records are made at or near the time of the acts, events, or transactions they reflect by, or from information transmitted by, persons with knowledge, and are kept in the course of Ethypharm's regularly conducted business activities. It is Ethypharm's regular practice to make and maintain such records, including within Ethypharm's secure electronic document management systems.

6.       Ethypharm and the Debtors were parties to three agreements whereby the Debtors agreed to serve as distributor for Ethypharm's opioid dependency treatment products in the United States: (1) the Amended and Restated Supply and Distribution Agreement, dated March 4, 2019

2

(the "**2019 Agreement**")[3]; (2) the License, Distribution and Supply Agreement, dated December 12, 2012 (the "**2012 Agreement**"); and (3) the License and Distribution Agreement, dated August 1, 2015 (the "**2015 Agreement**," and together with the 2019 Agreement and 2012 Agreement, the "**Agreements**"). True and accurate copies from Ethypharm's business records of the 2019 Agreement, the 2012 Agreement and the 2015 Agreement are attached hereto as **Exhibit A**, **Exhibit B** and **Exhibit C**, respectively. All of the Agreements have now been rejected by order of this Court.

7. Substantially all prior correspondence from the Debtors' above-captioned chapter 7 cases were delivered to my personal attention. If any such correspondence were to be received by the wrong department at Ethypharm, they would be redirected to me.

8. To my knowledge, Ethypharm has not received from the Trustee, or from any agent of the Trustee, a copy of any complaint or summons in the above-captioned adversary proceeding at any time or at any location to date. After learning about the above-captioned adversary proceeding, I undertook diligence to determine whether any complaint, summons, or related service materials for this lawsuit had been delivered to Ethypharm by any means. My diligence included:

- Reviewing incoming courier delivery logs for Ethypharm's headquarters French manufacturing sites, and French commercial affiliates;

- Contacting site leaders and administrative/reception or mailroom personnel at each such location to ask whether any complaint, summons, or service packet relating to this case had been received or delivered;

- Reviewing central intake channels for correspondence, including designated mailboxes and distribution lists, and directing employees to search applicable legal intake and catch-all mailboxes for sender names, or keywords associated with the above-captioned cases and the Trustee; and

---

[3] The 2019 Agreement restates the Supply and Distribution Agreement, dated as of December 4, 2008, between Hi-Tech Pharmacal Co., Inc. (a predecessor of the Debtors) and Ethypharm.

3

- Verifying with corporate secretaries and administrative assistances regarding any receipt of legal process through any registered correspondence channels or designated contact details maintained for legal notices and whether any complaints, summons or related materials had been received or forwarded.

9. None of these efforts identified any instance in which Ethypharm received a complaint, a summons, or any service packet relating to this action at any Ethypharm French business address.

10. Ethypharm has not authorized any third party to accept service on its behalf in this action, and no Ethypharm officer, director, or employee has accepted service of the complaint or summons related to this action.

11. To my knowledge, no international service under the Hague Convention (or any other permitted treaty mechanism) has been effectuated on Ethypharm in connection with this action.

\* \* \*

Pursuant to 28 U.S.C. § 1746, the undersigned makes the foregoing declaration as of the date of its filing under penalty of perjury.

Dated: September 22, 2025

*/s/ Roseline Joannesse*
Roseline Joannesse
Chief Legal, Ethics & Compliance Officer
Ethypharm S.A.S.

## EXHIBIT A

**2019 Agreement**

**REDACTED**

**EXHIBIT B**

**2012 Agreement**

**REDACTED**

**EXHIBIT C**

**2015 Agreement**

**REDACTED**