# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Oakwood Homes Corporation, *et al.* | ) | |
| | ) | Case No. 02-13396 (PJW) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| OHC Liquidation Trust, by and through | ) | |
| Alvarez & Marsal, LLC, | ) | |
| the OHC Liquidation Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Jensen Homes | ) | Adv. No. 04-56174 (PBL) |
| Jen-Rath Co., Inc. | ) | Adv. No. 04-56575 (PBL) |
| The Sales Factory | ) | Adv. No. 04-56976 (PBL) |
| Idaho Timber | ) | Adv. No. 04-56985 (PBL) |
| Robertson Supply, Inc. | ) | Adv. No. 04-75033 (PBL) |
| Soles Brower Smith & Co. | ) | Adv. No. 04-57014 (PBL) |
| Weiser Products, Inc., | ) | Adv. No. 04-78193 (PBL) |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE COMPLAINT[1]

Before the Court are the Motions to Dismiss the Complaint ("the Motions") filed by each of the individual defendants (hereinafter collectively referred to as "Defendants") in the above-captioned adversary proceedings. The Motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and because they are virtually identical, the Court will consider and address

---

[1] This Memorandum constitutes the findings of fact and conclusions of law of the Court required by Federal Rule of Bankruptcy Procedure 7052.

them together. For the reasons stated below, the Motions will be granted in part and denied in part.

## I. Factual and Procedural Background

These adversary proceedings were filed in late October and early November of 2004 by Plaintiff, the OHC Liquidation Trust, by and through Alvarez & Marshal, LLC, the OHC Liquidation Trustee. Plaintiff seeks, *inter alia*, to avoid and recover certain allegedly preferential and fraudulent transfers pursuant to §§ 547, 548, and 550 of the Bankruptcy Code,[2] and to disallow any claims of Defendants pursuant to § 502(d).

Defendants filed the Motions to Dismiss in November and December of 2004. Briefing on the Motions was completed on January 21, 2005 and therefore, the Motions are ripe for decision.

## II. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157(b)(1). This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (F), (H), and (O).

## III. Standard of Review

In order to prevail on a Motion to Dismiss pursuant to Rule 12(b)(6), the movant must conclusively establish that there is no set of facts upon which the plaintiff could recover on its claim. *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 186 (Bankr. D.Del. 2004) (citing *Morse v. Lower Merion School Distr.*, 132 F.3d. 902, 906 (3rd Cir. 1997)). The Court must construe the complaint in the light most favorable to the non-moving party. *Rocks v.*

---

[2] 11 U. S. C. §§ 101 et seq. Hereinafter, references to statutory provisions by section number only will be to provisions of the Bankruptcy Code unless the contrary is clearly stated.

2

*Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). And further, it must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Morse*, 132 F.3d at 906; *Hechinger Inv. Co. of Delaware Inc. v. M. G. H. Home Improvement (In re Hechinger Inv. Co. of Delaware Inc.)*, 288 B.R. 398, 400 (Bankr. D. Del. 2003).

## IV. Discussion and Decision

Each complaint in each of the above-captioned adversary proceedings consists of five counts asserting, *inter alia*, that Defendant was the transferee of allegedly preferential transfers under §547, allegedly fraudulent transfers under §548, and that any and all of Defendant's claims should be disallowed until the transfers are repaid to the Debtors pursuant to §502(d). Defendants have challenged the sufficiency of the complaint and therefore each count of the complaint will be discussed below.

### A. Count I

Count I of each complaint alleges that Defendant received preferential transfers and pleads the requisite elements of §547(b).[3] Supplemental information about the alleged transfers is attached to each complaint as Exhibit A, which lists the parent name and parent number, the

---

[3] Under § 547(b), the trustee may seek to avoid, as a preference,
". . . any transfer of an interest of the debtor in property —
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made —
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if —
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

check amount, check number, and date of the check, the date the check cleared, and the type of account.

Defendants contend that Count I should be dismissed because it fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, as made applicable by Federal Rule of Bankruptcy Procedure 7008.[4] Defendants argue that Plaintiff has failed to plead sufficient facts to provide fair notice of the claims against Defendants, in particular, which debtor made the transfers on Exhibit A, and that therefore they are unable to mount a defense to the claims.

In the complaint, Plaintiff has not identified which Debtor made the transfers in question, nor is this information included on Exhibit A. However, as Plaintiff correctly points out in its brief, the names of the co-Debtors are included in a footnote on the face of the complaint as well as in the body of the complaint itself. Defendants, in this instance, are not required to reference any other document, and should be able readily to determine which Debtor may made the alleged transfers. The Court finds that there is sufficient information included with the complaint to give Defendants fair notice of the claims against them under Rule 8.

## B. Count II

Plaintiff included Count II of the complaint as an alternative to the preference count. Count II alleges that the payments were fraudulent transfers under §548(a) of the Code.[5]

---

[4] Federal Rule of Civil Procedure 8 requires that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

[5] Section 548(a) provides:
"(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition,

4

However, Count II fails to allege any facts other than the information relating to the transfers on Exhibit A in support of the fraudulent transfer claim. Plaintiff has alleged no facts or other information which would establish the fraudulent nature of those transfers and has essentially recited only the statutory language.

The Court concludes that Defendants have carried their burden in establishing that there is no set of facts upon which Plaintiff could recover on the fraudulent transfer claim. Therefore, Count II of the Complaints will be dismissed.

### C. Counts III, IV, and V

Count III of the complaint alleges that the avoidable transfer is property of the estates of the Debtors and must be preserved for the benefit of the estates under § 551. Count IV of the complaint alleges that Plaintiff is entitled to recover under § 550 the amounts that Defendants are liable under §§ 547 and/or 548. Lastly, Count V alleges that until the Defendants repay the amount of the transfers, Plaintiff asserts that any and all claims that Defendants may have against

---

if the debtor voluntarily or involuntarily –
    (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
    (B)    (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
           (ii)    (I) was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
               (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
               (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

the Debtor should be disallowed pursuant to §502(d).[6]

Defendants contend that Counts III, IV, and V cannot stand because they rely in whole upon Counts I and II which are deficient, and therefore, Counts III through V should also be dismissed. As has already been discussed, Count I is sufficient to state a claim upon which relief can be granted and Count II shall be dismissed. It follows therefore, that those portions of Counts III through V of the complaints that rely on Count II shall also be dismissed.

## V. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss as to Count II is **GRANTED** and Count II of each complaint in each of the above-captioned adversary proceedings is dismissed, as well as those portions of Counts III, IV, and V of each complaint that rely, or are based upon, Count II.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **DENIED** in all other respects.

BY THE COURT:

Dated: February 15, 2005
Wilmington, DE

_____
PAUL B. LINDSEY
UNITED STATES BANKRUPTCY JUDGE

---

[6] Section 502(d) provides in material part: "the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 552(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property...."