# EXHIBIT D

ACTIVE 513221078.7

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Teleglobe Communications Corporation, ) | Case No. 02-11518 (MFW) |
| a Delaware Corporation, *et.al.*,[1] ) | |
| Debtors. ) | Jointly Administered |
| _____) | |
| ) | |
| The Official Committee of Unsecured Creditors of ) | |
| Teleglobe Communications Corporation, Teleglobe ) | |
| USA, Inc., and Their Affiliated Debtor Entities, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Pacific Bell Telephone Company (SBC ) | Adv. No. 04-55062 (PBL) |
| California) ) | |
| Illinois Bell Telephone Company, (SBC Illinois), ) | Adv. No. 04-55063 (PBL) |
| Indiana Bell Telephone Company (SBC ) | |
| Indiana), Michigan Bell Telephone ) | |
| Company (SBC Michigan), The Ohio Bell ) | |
| Telephone Company (SBC Ohio), ) | |
| Wisconsin Bell, Inc. (SBC Wisconsin) ) | |
| SNET Diversified Group, Inc. ) | Adv. No. 04-55064 (PBL) |
| SBC Datacomm ) | Adv. No. 04-55065 (PBL) |
| Southwestern Bell Telephone, LP, d/b/a SBC ) | Adv. No. 04-55066 (PBL) |
| Texas, SBC Arkansas, SBC Kansas, SBC ) | |
| Oklahoma, and SBC Missouri, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM[2]

---

[1] Debtors are the following eleven entities: Teleglobe Communications Corporation, Teleglobe USA, Inc., Optel Telecommunications, Inc., Teleglobe Holdings (U.S.) Corporation, Teleglobe Marine (U.S.), Inc., Teleglobe Holding Corp., Teleglobe Telecom Corporation, Teleglobe Investment Corp., Teleglobe Luxembourg, LLC, Teleglobe Puerto Rico, Inc., and Teleglobe Submarine, Inc.

[2] This Memorandum constitutes the findings of fact and conclusions of law of the Court required by Federal Rule of Bankruptcy Procedure 7052.

1

Before the Court are the Motions to Dismiss ("the Motions") filed on October 1, 2004 by the Defendants in the above-captioned adversary proceedings. The Motions are all based upon the same grounds, in that, they allege that the complaints fail to state a claim upon which relief can be granted. For efficiency and because the Motions are virtually identical, the Court will deal with these Motions together. After considering the arguments presented by the parties[3], the Court will grant in part and deny in part the Motions to Dismiss for the reasons set forth below.

## I. BACKGROUND

Teleglobe Communications Corporation, *et. al.*, ("Teleglobe" or "Debtors") filed for bankruptcy under Chapter 11 of the Bankruptcy Code[4] on May 28, 2002. The Official Committee of Unsecured Creditors ("the Committee") was appointed representative for the Teleglobe Bankruptcy Estate by Order of this Court on April 28, 2004, and the Committee was granted standing to prosecute certain causes of action, including avoidance actions.

The Committee entered into tolling agreements with each of the Defendants in the five above-captioned adversary proceedings (hereinafter collectively referred to as "Defendants"), under which the two-year statute of limitations under §546 was extended and the Committee was allowed to institute avoidance actions through and including August 31, 2004. (Motion to Dismiss, at 1) Each of the adversary proceedings was filed August 30, 2004, seeking to avoid certain allegedly preferential transfers of property pursuant to §547 and certain allegedly

---

[3] Defendants requested Oral Argument on the Motions pursuant to D. Del. LR 7.1.4. However, in light of the issues presented and the briefing by the parties, oral argument before the Court is unnecessary in this instance.

[4] 11 U. S. C. §§ 101 et seq. Hereafter, references to statutory provisions by section number only will be to provisions of the Bankruptcy Code unless the contrary is clearly stated.

fraudulent transfers pursuant to §548, and to recover those transfers under §550.

Defendants' filed their Motions to Dismiss on October 1, 2004 and in accordance with D. Del. LR. 7.1.2, governing the time schedule for briefs, Response Briefs were filed by the Committee on October 11, 2004 and Reply Briefs were filed on October 18, 2004. Notices of Completion of Briefing were filed on October 19, 2004 by Defendants, and the Court took this matter under advisement.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157(b)(1). This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (F), (H), and (O).

## III. DISCUSSION AND DECISION

The Committee filed complaints against each of the Defendants in five separate adversary proceedings. Each complaint consisted of three counts asserting that Defendant was the transferee of allegedly preferential transfers under §547, allegedly fraudulent transfers under §548, and that any and all of Defendant's claims should be disallowed until the transfers are repaid to the Debtors pursuant to §502(d). In addition to the transfers listed on Exhibit A of each complaint, the Committee seeks to recover any other transfers that it learns of through discovery or otherwise, during the proceeding. (Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers and for Other Relief, at ¶ 13.) Defendants have challenged the sufficiency of the complaints and therefore each count of the complaints will be discussed in turn.

### A. Count I

Count I of each complaint alleges that Defendant received preferential transfers and

3

pleads the requisite elements of §547(b).[5] Supplemental information about the alleged transfers is attached to each complaint as Exhibit A, which lists the vendor name and address, payment method and type of currency, the amount of the transfer, the check number and the date the check cleared.

Defendants contend that Count I should be dismissed because it fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, as made applicable by Federal Rule of Bankruptcy Procedure 7008.[6] Defendants argue that the Committee has failed to plead sufficient facts to provide fair notice of the claims against Defendants, in particular, which debtor made the transfers on Exhibit A, and that therefore they are unable to mount a defense to the claims.

In order to prevail on a Motion to Dismiss pursuant to Rule 12(b)(6), the movant must conclusively establish that there is no set of facts upon which the plaintiff could recover on its

---

[5] Under § 547(b), the trustee may seek to avoid, as a preference,
". . . any transfer of an interest of the debtor in property —
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made —
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if —
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

[6] Federal Rule of Civil Procedure 8 requires that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

claim. *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 186 (Bankr. D.Del. 2004) (citing *Morse v. Lower Merion School Distr.*, 132 F.3d 902, 906 (3rd Cir. 1997)). The Court must construe the complaint in the light most favorable to the non-moving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). And further, it must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Morse*, 132 F.3d at 906; *Hechinger Inv. Co. of Delaware Inc. v. M. G. H. Home Improvement (In re Hechinger Inv. Co. of Delaware Inc.)*, 288 B.R. 398, 400 (Bankr. D. Del. 2003).

In the complaints, the Committee has not identified which Debtor made the transfers in question, nor is this information included on Exhibit A. As Defendants correctly point out, the names of the eleven co-Debtors are not included in the complaints.[7] In this instance, the Debtors' cases are non-substantively consolidated and it would therefore be very difficult for Defendants to ascertain from the complaint from which entity it received the transfers.

In *The Official Committee of Unsecured Creditors of the IT Group v. Brandywine Apartments (In re The IT Group)*, 313 B.R. 370 (Bankr. D. Del. 2004), this Court held that Rule 8 does not require a plaintiff in a preference action to satisfy the heightened pleading standard as set forth in the *In re Valley Media* line of cases.[8] However, *Brandywine Apartments* involved one transfer by The IT Group, Inc., a group of debtors whose bankruptcy cases were

---

[7] The names of Debtors Teleglobe Communications Corporation and Teleglobe USA, Inc., of course, appear in the caption of each complaint. The papers filed in connection with these motions indicate that the entity making the allegedly preferential transfers was Teleglobe USA, Inc.

[8] Those cases include: *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189 (Bankr. D. Del. 2003); *Posman v. Bankers Trust Company*, Adv. Pro. No. 97-245 (Bankr. D. Del. July 28, 1999); and *TWA , Inc. v. Marsh USA, Inc. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 228 (Bankr. D. Del. 2004).

substantively consolidated. It was apparent in *Brandywine Apartments* that the Committee had plead sufficient facts to put the defendant on notice of what transfer was at issue without having to name the specific debtor that made the transfer.

Conversely, in the case at bar, the Teleglobe Debtors, by Order dated May 29, 2002, have been non-substantively consolidated, meaning that the separate debtor entities have chosen to have their bankruptcy cases jointly administered for procedural purposes only. Generally in a substantive consolidation, the entities' assets are pooled and the claims of the outside creditors are treated as claims against the common assets. *See generally*, 2 Collier on Bankruptcy ¶ 105.09[1][a]-[d] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.) That is not the situation here and Defendants would not be able to ascertain which Debtors were consolidated[9] in the Teleglobe bankruptcy case without having to search the main case to find the consolidation order. Therefore, the Court finds that Count I fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

With respect to any transfers not listed on Exhibit A, it would be impossible for Defendants to have sufficient notice of claims regarding transfers that may be discovered later. Here, the Committee has merely recited the elements of the statute and has pled no facts whatsoever to support future claims. The Court finds that this is totally insufficient under Rule 8 and in no way gives Defendants notice of the claims against them. Therefore, the portion of Count I which refers to any other additional transfers that the Committee may learn of through discovery or otherwise shall be dismissed for failure to meet the notice pleading requirements

---

[9] The Court notes that one of the entities in the Teleglobe bankruptcy does not have "Teleglobe" in its name.

under Rule 8.

The Committee has sought leave to amend the complaint if the Court should find that any portion of the complaint is deficient. Rule 15 of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides that a party may amend a pleading only by leave of the court once a responsive pleading has been filed and that "leave shall be freely given when justice so requires." Fed. Rule Civ. Proc. 15(a). *See also, Forman v. Davis*, 371 U.S. 178, 182-83 (1962). The Forman Court also articulated in what instances that leave should not be given: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182. Here, Defendants have failed to show that any of the bases for denial of a motion to amend is present[10] and therefore leave to amend will be granted, but only in order to allow the Committee to name the Teleglobe entity or entities which made the allegedly preferential transfers.

## B. Count II

The Committee included Count II of the complaints in the event that Defendants assert that one or more of the transfers were not made for or on account of an antecedent debt pursuant to §547(b)(2). (Complaint, at ¶20) Count II alleges that the payments were fraudulent transfers

---

[10] Defendants allege that they will be prejudiced if the Complaint is allowed to stand because they will have insufficient information to protect their rights. However, the amendment to include Teleglobe USA, Inc. should cure any such alleged prejudice.

7

under §548(a) of the Code.[11] However, Count II fails to allege any facts other than the information relating to the transfers on Exhibit A in support of the fraudulent transfer claim. The Committee has alleged no facts or other supporting information which would establish the fraudulent nature of those transfers and has essentially recited only the statutory language. Moreover, the Committee has indicated that Count II has only been included because they anticipate that Defendants will contest §547(b)(2).

The Court concludes that Defendants have carried their burden in establishing that there is no set of facts upon which the Committee could recover on the fraudulent transfer claim. Hence, Count II of the Complaints will be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### C. Count III

Lastly, Count III of the complaints alleges that Defendants have not turned over the property which is recoverable by way of §550 and for which Defendants are liable under §§547

---

[11] Section 548(a) provides:

"(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily --
    (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
    (B)    (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
            (ii)    (I) was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
                (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
                (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

and/or 548. Until the Defendants repay the amount of the transfers, the Committee claims that any and all claims that Defendants may have against the Debtor should be disallowed pursuant to §502(d).[12]

Defendants contend that Count III cannot stand because it relies in whole upon Counts I and II which are deficient, and therefore, Count III should also be dismissed. As the Court has already discussed, Count I will be sufficient if and when the Committee amends its Complaints to include the name of the Debtor entity or entities which made the particular allegedly preferential transfers. The portion of Count I which relates to additional transfers that the Committee may find later through discovery or otherwise, and all of Count II, will be dismissed under Rule 12(b)(6), and may not be restated by amendment or otherwise.

Conditioned on the Committee amending the complaints to include the name of the Debtor entity or entities which made the allegedly preferential transfers described on Exhibit A to the complaints, the Motions to Dismiss will be granted as to Count III only to the extent it relates to the allegedly preferential transfers in Count I which are not described or included on Exhibit A and Count II. An appropriate order follows.

BY THE COURT:

Dated: November 18, 2004
Wilmington, DE

PAUL B. LINDSEY
UNITED STATES BANKRUPTCY JUDGE

---

[12] Section 502(d) provides in material part: "the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 552(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property...."

9